IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>DION WILLIAMS )| Criminal No. 2:11-156 |

## MEMORANDUM AND ORDER OF COURT

On July 6, 2020, Attorney R. Damien Schorr was appointed under the Criminal Justice Act to represent Defendant Dion Williams on a supervised release violation petition in the above-referenced case [Doc. 59]. On December 15, 2022, Defendant appeared before this member of the Court, waived his right to a hearing and conceded the violations set forth in the petition and supplemental petition. The Court revoked supervised release and sentenced Defendant to a term of imprisonment of 60 months, to be served consecutively to the term of imprisonment imposed at Criminal Nos. 2:20-121 and 2:20-231. On December 21, 2022, an amended judgment order was entered [Doc. 87]. On December 26, 2022, Attorney Schorr filed a motion to withdraw appearance as counsel [Doc. 88], and a motion for Court to file a notice of appeal [Doc. 89].

The Criminal Justice Plan of the United States District Court for the Western District of Pennsylvania provides that "[o]nce counsel is appointed under the CJA, counsel will continue representation until the matter, including appeal or review by *certiorari*, is closed; or ... until the appointment is terminated by Court order." WD PA CJA Plan, Section XI.D (emphasis added). Pursuant to the Local Appellate Rules of the United States Court of Appeal for the Third Circuit, "[t]rial counsel in criminal cases, whether retained or appointed, are expected to continue on appeal absent extraordinary circumstances." L.A.R. 109.1. Significantly, Rule 109.1 explicitly provides

1

that "[a]fter the entry of an order of judgment, counsel will not be permitted to withdraw from a direct criminal appeal without specific leave of this court." *Id.* (emphasis added); *see also* Criminal Justice Act Plan for the Court of Appeals for the Third Circuit, Chapter 3, Section 1 ("Counsel appointed under the Act by the trial court shall be deemed to have been designated under the Act to continue on appeal unless otherwise relieved by order of the Court of Appeals.")

Here, Attorney Schorr was appointed under the CJA to represent Defendant, and thus he is expected to continue that representation on appeal absent extraordinary circumstances. Attorney Schorr has not advanced extraordinary circumstances, and, even if he had, because an amended judgment order has been entered, only an order by the Court of Appeals may relieve him of his obligation to continue to represent Defendant on appeal. As a result, Defendant's motion to withdraw as court-appointed counsel must be denied. In addition, because Attorney Schorr is expected to continue to represent Defendant, the motion for Court to file a notice of appeal also will be denied. Accordingly, the following order is entered:

## ORDER OF COURT

AND NOW, this 29th day of December, 2022, for the reasons set forth herein, IT IS ORDERED that Attorney Schorr's motion to withdraw appearance as counsel [Doc. 88] hereby is **denied**; and,

IT FURTHER IS ORDERED that Defendant's motion for Court to file notice of appeal [Doc. 89] hereby is **denied**.

/s/ Stephanie L. Haines
Stephanie L. Haines
United States District Judge

cc/ecf: All counsel of record